UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MELISSA COSSABOOM f/k/a MELISSA COLLINS and ANN ADAIR HATCH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>-against-<br><br>NVR, INC. and NVR MORTGAGE FINANCE, INC.,<br><br>Defendants. | Case No.<br><br>COLLECTIVE ACTION COMPLAINT |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Melissa Cossaboom f/k/a Melissa Collins ("Cossaboom") and Ann Adair Hatch ("Hatch") (collectively, "Plaintiffs"), along with other similarly situated employees who may join this action, by their attorneys, Shavitz Law Group, P.A. and Nichols Kaster, PLLP, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## INTRODUCTION

1. Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), on behalf of themselves and all other persons similarly situated against NVR, Inc. and NVR Mortgage Finance, Inc., (collectively "Defendants") for violations of the FLSA.

2. As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA by failing to pay loan officers, and employees in similar positions (collectively, "LOs"), including Plaintiffs, for all of their overtime hours worked.

## **THE PARTIES**

*Plaintiffs*

3. Cossaboom is a resident of Apollo Beach, Florida.

4. Cossaboom worked for Defendants as an LO from approximately December 2017 to August 2018 in Tampa, Florida.

5. At all times relevant, Cossaboom was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

6. Cossaboom's written consent to join this action is attached as Exhibit A.

7. Hatch is a resident of Jupiter, Florida.

8. Hatch worked for Defendants as an LO from approximately June 2017 to August 2019 in West Palm Beach, Florida.

9. At all times relevant, Hatch was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10. Hatch's written consent to join this action is attached as Exhibit B.

*Defendants*

11. According to its website, "NVR, Inc. operates in two business segments: homebuilding and mortgage banking." http://www.nvrinc.com/ (last visited Mar. 23, 2021).

12. "As a corporate entity, NVR, Inc. provides various support functions for each of its sub-entities. These include sales and marketing support, vital human resource specialists, and an advanced information technology department, which provide a network of resources utilized by NVR, Inc. holdings." *Id.*

13. "NVR, Inc. is one of America's leading homebuilders. The Company serves homebuyers in 33 metropolitan areas in fourteen states, including, Maryland, New York, North Carolina, Virginia, Ohio, Indiana, Illinois, South Carolina, Pennsylvania, Tennessee, Florida, Delaware, West Virginia and New Jersey, as well as Washington, D.C." *Id.*

14. NVR, Inc. is a Virginia corporation with its principal place of business at 11700 Plaza America Dr Ste 500, Reston, VA, 20190.

15. NVR Mortgage Finance, Inc. shares the same corporate headquarters in Reston, Virginia and "operates branches in the metropolitan areas in which NVR has homebuilding operations. NVR Mortgage's primary focus is to serve the needs of NVR homebuyers." *Id.*

16. As such, Defendants jointly employ Plaintiffs and the proposed FLSA Collective (defined below) in each of the states in which Defendants operate.

17. At all times relevant, Defendants were and still are "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. Upon information and belief, these Defendants operate in concert and together in a common enterprise and through related activities so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA, and are jointly and severally liable for the claims asserted herein.

19. At all times relevant, each Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all times relevant, each Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of

goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

21. Each Defendant has had and has a gross volume of sales made or business done of not less than $500,000.00.

22. At all times relevant, Plaintiffs and the proposed FLSA Collective were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

23. Defendants have issued paychecks to Plaintiffs and the proposed FLSA Collective during their employment.

24. Defendants have directed the work of Plaintiffs and the proposed FLSA Collective and benefited from work performed that they suffered or permitted from them.

25. Throughout the relevant period, Defendants employed Plaintiffs and the proposed FLSA Collective within the meaning of the FLSA. Defendants have substantial control over Plaintiffs and the proposed FLSA Collective's working conditions and the unlawful policies and practices alleged herein.

26. Defendants directly or indirectly acted in the interest of an employer towards Plaintiffs and the proposed FLSA Collective at all material times, including without limitation directly or indirectly controlling their terms of employment.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, and 29 U.S.C. § 201, *et. seq.*

28. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

29. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

30. Defendants are subject to personal jurisdiction. Plaintiff Hatch worked for Defendants' location in West Palm Beach, Florida, which is within the jurisdiction and venue of this Court.

## PROPOSED FLSA COLLECTIVE

31. The proposed FLSA Collective is defined as follows:

> All LOs and employees in similar positions who are or were employed by NVR, Inc. and/or NVR Mortgage Finance, Inc. anywhere in the United States at anytime three years prior to the filing of this Complaint through the present and beyond.

## COMMON FACTUAL ALLEGATIONS

32. Plaintiffs and the proposed FLSA Collective primarily performed their work from inside Defendants' locations, as well as remotely from home.

33. Plaintiffs and the proposed FLSA Collective sold home financing to Defendants' customers.

34. In doing so, Plaintiffs and the proposed FLSA Collective spoke with customers to collect information required by Defendants for a loan, collected required documents, and then submitted the loan paperwork to Defendants' underwriting department for approval.

35. Defendants subjected Plaintiffs and the proposed FLSA Collective to performance metrics they required them to meet.

36. Upon information and belief, during the relevant three-year statutory period,

Defendants classified Plaintiffs and the proposed FLSA Collective as non-exempt overtime eligible.

37. Defendants required Plaintiffs and the proposed FLSA Collective to work overtime hours (hours over 40 in a workweek), but did not pay them for all hours worked.

38. Defendants instructed Plaintiffs and the proposed FLSA Collective to record only 40 hours per week on their timesheets, even when they worked more.

39. Defendants have instructed Plaintiffs and the proposed FLSA Collective that they must seek pre-approval to work overtime hours.

40. Defendants did not grant pre-approval freely and discouraged Plaintiffs and the proposed FLSA Collective from asking for pre-approval for overtime work.

41. Even so, Defendants subjected Plaintiffs and the proposed FLSA Collective to performance demands and metrics that routinely required overtime hours to meet.

42. This resulted in Plaintiffs and the proposed FLSA Collective regularly working off-the-clock overtime hours, without compensation, to timely and adequately complete their job duties and meet Defendants' expectations.

43. Even in the limited weeks in which Defendants pre-approved recording overtime hours worked, the number of overtime hours Defendants approved was often inadequate to cover all of the overtime hours that Defendants required Plaintiffs and the proposed FLSA Collective to work. Thus, even during those limited weeks in which Defendants granted the recording of pre-approved overtime hours worked, Plaintiffs and the proposed FLSA Collective routinely worked additional uncompensated overtime hours.

44. Plaintiffs and the proposed FLSA Collective also worked through uncompensated

meal breaks to meet the demands of the job.

45. By way of example, during the week April 29, 2019, Plaintiff Hatch worked approximately 60 hours, but was not paid an overtime rate for all those hours she worked over 40.

46. Likewise, by way of example, during the week of April 23, 2018, Plaintiff Cossaboom worked approximately 60 or more hours, but was not paid an overtime rate for all those hours she worked over 40 that week.

47. Defendants are aware or should have been aware that Plaintiffs and the proposed FLSA Collective worked overtime hours for which they were not paid. Regardless, Defendants failed and continue to fail to pay them all of their overtime compensation owed.

48. Defendants maintain time records for Plaintiffs and the proposed FLSA Collective.

49. However, those time records do not accurately reflect all hours worked by Plaintiffs and the proposed FLSA Collective, due to Defendants' policy and practice of suffering and/or permitting Plaintiffs and the proposed FLSA Collective to underreport the actual hours they worked, resulting in unpaid overtime.

50. While Defendants may have occasionally paid Plaintiffs and the proposed FLSA Collective for *some* overtime hours worked, Defendants failed to pay them for *all* of their overtime hours worked.

51. Upon information and belief, Defendants did not pay Plaintiffs and the proposed FLSA Collective for certain overtime hours worked because of, for instance, a corporate policy to limit expenditures and preserve profits.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

52. Plaintiffs incorporate by reference all preceding allegations.

53. Plaintiffs bring this action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the proposed FLSA Collective.

54. Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the proposed FLSA Collective.

55. Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the proposed FLSA Collective overtime pay for all hours worked in excess of 40 per workweek.

56. Plaintiffs and the FLSA Collective all were subject to the same employment policies, procedures, and practices of Defendants' failure to pay overtime compensation for overtime hours worked.

57. Defendants failed to make an adequate inquiry into whether Plaintiffs and the FLSA Collective were being paid for all hours worked.

58. Upon information and belief, Defendants did not conduct any audit, analysis, or study to ensure that they compensated Plaintiffs and the FLSA Collective for all of their hours worked.

59. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
**FLSA– Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiffs and the Proposed FLSA Collective)**

60. Plaintiffs incorporate by reference all preceding allegations.

61. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

62. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

63. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

65. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

67. Defendants have failed to pay Plaintiffs and the FLSA Collective all of the overtime wages to which they were entitled under the FLSA.

68. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

69. Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the FLSA Collective.

70. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

71. As a result of Defendants' willful violations of the FLSA, Plaintiff and the proposed FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

72. As a result of the unlawful acts of Defendants, Plaintiffs and the proposed FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR TRIAL BY JURY

Plaintiffs and the proposed FLSA Collective demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the proposed FLSA Collective seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E. Attorneys' fees and costs of the action;

F. An appropriate service award for Plaintiffs' efforts and service to the proposed

FLSA Collective; and

  G. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: March 31, 2021            Respectfully submitted,
   Boca Raton, Florida

                   _____
                   Gregg I. Shavitz
                   Paolo C. Meireles
                   Logan A. Pardell
                   SHAVITZ LAW GROUP, P.A.
                   951 Yamato Road, Suite 285
                   Boca Raton, FL 33431
                   Telephone: (561) 447-8888
                   Facsimile: (561) 447-8831
                   gshavitz@shavitzlaw.com
                   pmeireles@shavitzlaw.com
                   lpardell@shavitzlaw.com

                   Michele R. Fisher (*pro hac vice* application forthcoming)
                   Kayla M. Kienzle (*pro hac vice* application forthcoming)
                   NICHOLS KASTER, PLLP
                   80 South 8th Street, Suite 4700
                   Minneapolis, MN 55402
                   Telephone: (612) 256-3200
                   Facsimile: (612) 338-4878
                   fisher@nka.com
                   kkienzle@nka.com

                   *Attorneys for Plaintiffs and the Proposed FLSA Collective*

# Exhibit A

**CONSENT TO JOIN FORM**

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), NVR, Inc. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Melissa N. Cossaboom*
Signature

Melissa N. Cossaboom
Print Name

# Exhibit B

**CONSENT TO JOIN FORM**

    1.    I consent to be a party plaintiff in a lawsuit against Defendant(s), NVR, Inc. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

    2.    I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

    3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_/s/ AH_

Signature

Ann Hatch

Print Name