IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOEL HUGHES, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NVR, INC., *et al.*, <br><br> Defendants, <br> ——————————————————— <br> LORI JENKINS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NVR, INC., *et al.*, <br><br> Defendants. | Civil Action No. 1:21-cv-1018 (RDA/IDD) |

## **ORDER**

This matter comes before the Court on various motions. The Court addresses each in turn.

I. Motion to Consolidate

The parties first ask this Court to consolidate these two cases with another case. These two cases (*Jenkins v. NVR* and *Hughes v. NVR*) were consolidated for all purposes on January 19, 2022. On June 6, 2023, a related case, *Cossaboom v. NVR*, No. 1:23-cv-716, was transferred into this district from the Southern District of Florida. The parties ask this Court to consolidate the *Cossaboom* case with these cases for settlement purposes.

1

Federal Rule of Civil Procedure 42(a) governs consolidation. Under the rule, "[i]f actions before the court involve a common question of law or fact, the court may: (l) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts are to specifically look at whether "specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971)). And the decision to consolidate is within this Court's discretion. *AIS J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

This Court finds that the *Cossaboom* litigation involves common questions of law and fact. The cases are brought against the same Defendants and involve similar claims, defenses, and questions of law. Specifically, the *Cossaboom* case—like the *Hughes* and *Jenkins* cases—is based on allegations that Defendants did not pay loan officers and loan processors for overtime hours under the Fair Labor Standards Act. Moreover, the parties have represented that all aspects of the settlement in *Cossaboom* are the same as those in *Hughes* and *Jenkins*. The Court also finds that there is no risk of prejudice to either party (as both agree these cases should be consolidated) and that judicial economy would be served by consolidating the cases.

Having considered the parties' Motion, and for good cause shown, the Court will GRANT the parties' Joint Motion for Consolidation (Dkt. 172).

II. Motion for Settlement Approval

Plaintiffs also seek approval from this Court as to a settlement that will cover all Plaintiffs in the *Cossaboom*, *Hughes*, and *Jenkins* cases. Dkt. 169.[1] Because this is a case involving Fair Labor Standards Act ("FLSA") claims, the parties' settlement must be approved by this Court. *Baust v. City of Va. Beach*, 475 F. Supp. 358, 363 (E.D. Va. 2021). The object of court approval is to ensure that the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Minsterman v. S.L. Nusbaum Realty Co.*, No. 2:10-cv-303, 2011 WL 9687817, at *1 (E.D. Va. Jan. 21, 2011).

Courts consider six factors in deciding whether an FLSA claim is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery." *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (cleaned up). There is "an overriding public interest in favor of settlement" which means that this Court is to apply "a strong presumption in favor of finding a settlement fair." *Baust*, 475 F. Supp. 3d at 363.

Each factor weighs in favor of finding this settlement fair. While discovery is complete, the settlement saves the parties the enormous costs (monetary and otherwise) of a multi-week trial in three cases. Dkt. 12 at 4-5. Moreover, there is no indication that "fraud or collusion" was involved in the negotiation of this settlement agreement. *See generally* Dkt. 170 at 3-5 (describing settlement discussions). Plaintiffs' counsel has also represented that they have settled or tried

---

[1] The initial Motion did not cover one Plaintiff, Lori Jenkins, but Ms. Jenkins eventually settled her claims and asked to be included in the Motion for Settlement Approval. Dkt. 183.

numerous employment cases and they appear to be competent counsel. *Id.* at 8. While the probability of Plaintiffs' success on the merits is somewhat unclear, that very fact weighs in favor of settlement. Finally, the Court finds that a $63,887.37 payment to 21 Plaintiffs to settle their claims is reasonable given their claims and Defendants' legal defenses. Dkt. 12-1; Dkt. 1 ¶ 12. Accordingly, and in line with the "strong presumption in favor" of finding an FLSA settlement fair, the Court FINDS the settlement is fair and reasonable. *Baust*, 475 F. Supp. 3d at 363.

Finally, the Court finds that the payment that Plaintiffs' counsel seeks here is reasonable. *See id.* at 367 (noting that courts must approve the payments attorneys are to receive). Plaintiffs' counsel is not seeking any attorneys' fees even though they have incurred "over $1 million … for litigating the[] matters." Dkt. 170 at 4 n.6. Instead, all they seek is reimbursement of a portion of their costs—$54,587.30 of the $98,489.95 expended on the matters. *Id.* at 4. And Plaintiffs' counsel disclosed the costs they seek to Plaintiffs. *Id.* at 4 n.5. Given the fact that this case has been litigated over two years and that Plaintiffs' counsel only seeks a portion of their costs (and nothing else), and having reviewed the supporting declaration and finding the costs to be reasonable, Dkt. 170-1 (Declaration of Michele Fisher), the Court finds that costs of $54,587.30 are appropriate to award to Plaintiffs' counsel when considering the "degree of success" that Plaintiffs have achieved here. *Baust*, 574 F. Supp. 3d at 369.

Thus, the Court will GRANT Plaintiffs' Motion for Settlement Approval (Dkt. 169). However, because Defendants have filed an answer and summary judgment motions, the Court cannot dismiss the claims absent a signed stipulation of dismissal from all parties. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). As a result the Court will DENY Plaintiff's Motion to Dismiss, without prejudice to the parties' ability to file a stipulation of dismissal dismissing all claims.

### III. Motion to Vacate Trial Deadlines and Moot Certain Motions

Finally, the parties jointly request that the Court (1) vacate the trial date and all related dates; and (2) moot all pending motions in light of the parties' settlement. Dkt. 184. Having considered the Motion, and for good cause shown, the Court will GRANT the Motion.

### IV. CONCLUSION

For the reasons set forth above, it is ORDERED that the parties' Joint Motion for Consolidation (Dkt. 172) is GRANTED. The above-captioned case shall be consolidated with *Cossaboom v. NVR*, No. 1:23-cv-716 (RDA/JFA) for all purposes and shall proceed under *Joel Hughes v. NVR, Inc., et al.*, 1:21-cv-1018 (RDA/IDD). The parties are advised to file all further proceedings using this docket number; and it is

FURTHER ORDERED that Plaintiffs' Motion for Settlement Approval and Dismissal of Settling Plaintiffs' Claims (Dkt. 169) is GRANTED-IN-PART; and it is

FURTHER ORDERED that the parties' settlement agreement (Dkt. 170-3) is APPROVED; and it is

FURTHER ORDERED that the parties' Joint Motion to Vacate Trial Deadlines and Moot Certain Motions (Dkt. 184) is GRANTED; and it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment in *Jenkins* (Dkt. 98), Plaintiffs' Motion for Equitable Tolling (Dkt. 108), Plaintiffs' Motion for Partial Summary Judgment (Dkt. 136), Plaintiffs' Motion to Seal (Dkt. 139), and the parties' Joint Motion to Excuse Local Counsel (Dkt. 180) are DENIED as MOOT; and it is

FURTHER ORDERED that the July 12, 2023 Motions Hearing Date and the July 17, 2023 trial date are VACATED; and it is

FURTHER ORDERED that the parties shall submit a stipulation of dismissal or a joint status report indicating why they cannot submit such a stipulation no later than June 23, 2023.

IT IS SO ORDERED.

June 14, 2023
Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge